# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JENNIFER WALKER, an individual** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | |
| **MACY'S RETAIL HOLDINGS,** ) | |
| **LLC, et al.** ) | |
| ) | |
| **Defendant(s).** ) | |

_____

## NOTICE OF REMOVAL
_____

COMES NOW Defendant, Macy's Retail Holding, LLC, (hereinafter "Macy's" or "Defendant") pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and hereby removes this action filed by Plaintiff, Jennifer Walker, an individual, in the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice, Defendant shows as follows:

### A. PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on September 15, 2022 in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2022-902775.00. The

documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Defendant *via* certified mail on or about September 15, 2021, and Defendant was served with a copy of the Summons and Complaint on or about September 20, 2022. (*See* Ex. A, Docs. 4, 5 and 6).

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Jefferson County, Alabama, as required by 28 U.S.C. § 1446(d).

### B. DIVERSITY OF THE PARTIES

6. At the time of the commencement of this action and the time of this removal, Plaintiff Jennifer Walker was a resident of the State of Alabama. (Ex. A, Doc. 2, ¶ 1). Defendant avers that Plaintiff Walker intends to remain in Alabama; is domiciled in Alabama; and is therefore a citizen of the State of Alabama. (See Answer of Macy's, ¶ 1, filed contemporaneously herewith).

7. At the time of the commencement of this action and at the time of this removal, Macy's Retail Holding, LLC, is a foreign limited liability company, that has a single member – Macy's, Inc., which is a corporation formed under laws of the State of Delaware and has its principal place of business in the State of New York.

8. In determining the citizenship of a limited liability company for diversity purposes, this Court is required to look to the citizenship of the company's members. As stated by the 11th Circuit in *Rolling Greens MHP, L.P. v. Comcast Holdings, L.L.C.*, 374 F.3d 1020 (11th Circuit 2004):

> The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for the purposes of diversity jurisdiction. In *Carden v. Arkona Assoc.,* 494 U.S. 185, 195 – 196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. *Carden*, 494 U.S. at 195-96, 110 S.Ct. at 1021. In applying this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations, it reasoned that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations. *Carden*, 494 U.S. at 196-97, 110 S.Ct. at 1022.
>
> This Circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this

> question have all answered it the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding.

*Rolling Greens*, 374 F.3d at 1021-22; *see also, Payroll Mgmt. v. Lexington Ins. Co.*, 556 Fed. App'x. 796, 802 (11th Cir. 2014) (Limited Liability Companies . . . are "citizen(s) of any state of which a member of the company is a citizen").

9. For purposes of diversity jurisdiction Macy's is a citizen of the State of Delaware and the State of New York.

10. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

11. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C. AMOUNT IN CONTROVERSY

12. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. Plaintiff's Complaint alleges claims against Defendant and demands a judgment against Defendant for injuries and damages, including punitive damages determined by a jury in this Complaint. (Ex. A, Doc. 2).

14. The Complaint states in part that Plaintiff was injured and damaged as follows:

- Severe physical injuries to her body;

- Mental anguish and emotional distress;

- Physical pain and discomfort;

- Past, present and future medical expenses, including hospital bills, doctors' bills and prescription expenses.

(Ex. A, Doc. 2, ¶¶ 5, 13).

15. Based upon the precedent of *Bush v. Winn Dixie, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015), Plaintiff's Complaint setting forth claims and seeking damages referenced above establishes the requisite amount in controversy. *Id.* at 1318. *See also Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh

Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

16. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint. *Bush*, 132 F. Supp. 3d 1321-22. Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the [Eleventh Circuit] … has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Id.* at 1318. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." *Id.* at 1318-19. "This Court has since 2010 reversed course and held that a plaintiff … who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." *Id.* at 1319.

17. Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically

state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

18.   *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010), is a decision addressing the removal of cases based solely on the face of the Complaint. The *Roe* opinion noted that the decision in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), dealt only with cases removed based on the defendant's receipt of an amended pleading or "other paper" which indicated for the first time that the case was removable. It noted that any of the *Lowery* court's commentary as to cases removed under U.S. § 1446(b)(1) was *dicta* as opposed to binding precedent. *Roe*, 613 F.3d at 1061, n3 (*citing Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 747 (11th Cir. 2010)). In *Roe*, the Court noted, "[i]t may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the 'the Complaint does not a claim a specific amount of damages'" *Id*. at 1061 (quoting *Pretka*, 608 F.3d at 754; (*quoting Miriam Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Court also noted it made little sense to rely solely upon the Complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (*quoting Pretka*, 608 F.3d at 766).   Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations"

in making an independent assessment of the amount of the claim damages based on the pleadings. *Id.* at 1061-2 (*quoting Pretka*, 608 F.3d at 754).

19. Following *Roe*, district judges in the Northern District of Alabama have held that the amount in controversy threshold is met when a Complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not *disclaim* recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *see also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. April 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

20. Additionally, there is sufficient evidence in excess of the $75,000.00 amount in controversy threshold, and the case is removable by Defendant's receipt of "other paper" as required by 28 U.S.C. § 1446(b)(c).

21. On September 7, 2022, Plaintiff's counsel transmitted a settlement demand letter detailing Plaintiff's alleged injuries and medical treatment. See settlement demand attached as Exhibit "B."

22. The settlement demand letter is evidence of the amount in controversy at the time of removal. *McCullough v. Plum Creek Timberlands, L.P.*, 2010 P.S. Dist. LEXIS 23, *12, *citing The Bankhead v. Am. Suzuki Motor Corp.*, 529 F.Supp.2d 1329, 1333 (M.D. Ala. 2008); *see also Burns v. Windsor Ins. Co.*, 31 F.3d

1092, 1097 (11th Cir. 1994). Settlement offers "Count[] for something" and determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000.00, exclusive of interest and costs. *Burns*, 31 F.3d at 1097. This Court has held that a settlement demand is actually relevant evidence of the amount in controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim. *Jackson v. Select Portfolio Serving, Inc.*, 651 F.Supp.2d 1279, 1281 (S.D. Ala. 2009)(*citation omitted*). "[S]ettlement offers provide that 'specific information to support [the plaintiff's] claim for damages suggest the plaintiff is 'offering a reasonable assessment of the value of [her]claim' and are entitled to more weight." *Benandi v. Mediacom Se, LLC*, 2001 U.S. Dist. LEXIS 125084, 2011 WL 5077403. *2 (S.D. Ala. Sept. 30, 2011) *citing Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F.Supp 1364, 1368 (M.D. Ala. 1998).

23. Plaintiff, in the settlement demand letter, alleges injuries to her neck, back, spine, and shoulder, and claims to have incurred medical bills in the amount of $49,769.18. (Ex. B). In her settlement demand letter, Plaintiff alleges that her injuries are permanent. (Ex. B, p. 4).

24. In addition to claiming physical injuries, medical expenses, permanent injuries and mental anguish, Plaintiff is seeking punitive damages. (Ex. A, Doc. 2; Ex. B). Courts should consider punitive damages when determining the jurisdiction amount in controversy. *McDaniel v. Fifth Third Bank*, 568 F. App'x 729 (11th Cir.

2014) (holding the Court should consider punitive damages as part of a jurisdictional amount when accessing the amount in controversy threshold).

25. "Punitive damages must be considered when determining the jurisdictional amount in controversy." *Ray v. Perry*, 392 Fed. App'x, 753, 755 (11th Cir. 2010).

26. "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (*quoting McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)).

27. Defendant denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint and settlement demand letter.

28. Based upon the foregoing, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Circ. 2010); *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

### D. TIMELINESS

29. This removal is filed within thirty (30) days from when Defendant was served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

## E. CONCLUSION

30. Defendant satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 19th day of October, 2022.

/s/ Virginia F. Gambacurta
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
Attorney for Defendant
Macy's Retail Holding, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:       vgambacurta@carrallison.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 19th day of October, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

      \_\_\_\_\_Facsimile transmission;
      \_\_\_\_\_Hand Delivery;
      \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
       XX  Using the Alafile or CM/ECF system which will send notifications of such to the following:

Will Lattimore, Esq.
Turnbull, Holcomb & Lemoine, P.C.
2101 6th Avenue North, Suite 1100
Birmingham, AL  35203
wlattimore@turnbullfirm.com

Robert L. Beeman, II, Esq.
Beeman Law Firm
P. O. Box 253
Helena, AL  35080
rlbsportsmgnt12@gmail.com

                                              /s/ Virginia F. Gambacurta
                                              OF COUNSEL